## Commonwealth v. Snyder

*Harry L. Wilcox,* District Attorney, for Commonwealth.

*Leonard Apfelbaum,* for defendant.

KALP, P. J., July 10, 1970.—Defendant has appealed his conviction of operating an overweight truck south on Route 11-15 through Chapman Township, Snyder County, Pa., on April 27, 1969.

At this time, defendant was the owner-operator of a 1965 Diamond-T Tractor and a 1962 Fruehauf refrigerator trailer. He was stopped by Trooper Charles Swank of the Pennsylvania State Police and his vehicle was weighed on the scales at Port Trevorton.

According to the officer's testimony, the gross weight of the truck, together with its cargo of bagged beans, was 75,800 pounds; the legal weight was 71,145 pounds; and with the three percent tolerance allowed by the Act of Assembly it was 73,280 pounds. Defendant was taken before Justice of the Peace C. P. Ferry, of Chapman Township, and was found guilty and fined $545.

Defendant contends that in his opinion the scales were not accurate. He stated that he was a licensed weighmaster in the State of New York and that the approaches to the scales were not level.

He further testified that the officer weighed the tractor trailer on two occasions: the first time with

defendant and his son sitting in the tractor, at which time the weight was 75,900 pounds; and the second weighing occurred when the tractor was unoccupied with a resultant reading of 75,800 pounds. Defendant's son weighed 115 pounds, and according to defendant's testimony his own weight was 195 pounds to make a total human weight of 310 pounds. He contends that this 210-pound discrepancy shows that the scales were inaccurate.

Officer Swank who weighed the truck explained this by testifying that the first weighing was approximate to determine whether an accurate weighing of the truck was required. Defendant further testified that when he was loaded at Rochester, N. Y., the truck and cargo weighed 73,200 pounds.

A summary conviction for operating an overloaded vehicle in violation of section 903(d) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, will be upheld on the prima facie evidence of the arresting officer's testimony and his certification of weight, since it is not incumbent upon the Commonwealth to prove the accuracy of the scales in order to prove its case beyond a reasonable doubt: Commonwealth v. Thurmond, 27 D. & C. 2d 470 (1962).

Defendant in his brief and argument apparently concedes that this is a proper statement of the law, but contends that on the basis of the facts developed at the hearing, the accuracy of the scales was challenged by defendant and that it then became the duty of the Commonwealth to prove that the scales were accurate. Defendant concedes that the weighmaster was Officer Swank; the officer was in full uniform; the scales were other than a scales operated by the Commonwealth; the scales were within a reasonable distance of the place of arrest, and that the scales were posted with an inspection stamp dated February 27, 1968.

In the Thurmond case, supra, Judge Diggins quotes with approval from 56 Am. Jur. 1034, Weights, Measures and Labels, §32:

"'Like other instruments, a weight certificate may be attacked on the ground of fraud or mistake. It is true that the legislature has the right to give to the act of the weighmaster a high character as evidence, and to provide that such act can be impeached only when the party complaining or the party under whom he claims was himself free from fault or negligence, and when it is demonstrated by clear, strong, and satisfactory evidence that there was in fact a substantial mistake in the weighing . . .'"

The court is of the opinion that there is no clear, strong or satisfactory evidence in this case that there was, in fact, a mistake in the weighing. Defendant's statement that the approaches to the scales were not level is contradicted by the testimony of the arresting officer and furthermore, there is no evidence that even if this were true, it would affect the accuracy of the scales.

The fact that defendant testified that when the truck was loaded at Rochester, N. Y., it was weighed and the weigh slip indicated that the weight was 73,200 pounds has no bearing on the case.

In the case of Commonwealth v. Olshefski, 64 D. & C. 343 (1948), a similar contention was disposed of by Judge Kreisher who found that it is no defense to a prosecution for driving an overloaded truck in violation of The Vehicle Code that defendant had first obtained a weight certificate from a licensed weighmaster which indicated that the truck was not overloaded, for the offense is complete without any improper intent.

Defendant also complains that he was not advised that under section 904 of The Vehicle Code he had a right to elect forthwith to have his truck reweighed

on other scales. Testimony indicates that Trooper Swank did not advise him of this right at the time this truck was weighed but that the right was discussed at the time defendant was taken before the justice of the peace. It appears clear from the testimony that defendant had not elected to exercise the right to have the truck reweighed.

In the Thurmond case, supra, the court stated, at page 482:

"If this court were to hold that the accuracy of the scale must be proved by the Commonwealth in its case in chief, it would effectively destroy the overweight statute until such time as the legislature saw fit to act, because the court could not and should not state the manner in which the accuracy check of the scales should be made or the time within which it should be made. This is obviously for the legislature and is an essential and integral part of any such law and all of it properly lies exclusively with the legislature, and indeed we think the legislature dealt with it when it provided the tolerance factor in lieu of accuracy tests."

For the reasons stated above, defendant's conviction of operating an overweight truck in violation of section 903(d) of The Vehicle Code is affirmed.